## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kathleen R. Faber and Lexis Mays, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> McDonald's U.S.A., L.L.C., MBM Management, Incorporated, Harold T. Clark III, LLC, and ABC Corporations 1-100 d/b/a McDonald's, <br><br> Defendants. | Case No.  1:24-cv-1246 <br><br> Honorable LaShonda J. Hunt |

## DEFENDANT HAROLD T. CLARK III, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1),(2), (3), (4), (5), (6) AND 12(f)

Defendant, Harold T. Clark III, LLC ("Harold T. Clark III" or "Defendant"), through its attorneys, JAMIE FILIPOVIC and STACEY VUCKO of O'HAGAN MEYER LLC, moves pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) to dismiss Plaintiffs' Complaint for lack of standing, lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process, and because Plaintiff fails to state a claim upon which relief can be granted. In the alternative to its 12(b)(6) motion, Defendant moves to strike the collective action allegations and Plaintiff's prayer for relief pursuant to Rule 12(f). In support of its motion, Harold T. Clark III states as follows:

### Background

This lawsuit arises under the PUMP Act's amendments to the FLSA, 29 USC § 218d(a)(1). As an initial matter, Plaintiff Lexis Mays works for an entity not named in this Complaint, Mac-

Clark Restaurants, Inc., not the named Defendant, Harold T. Clark III, LLC.[1] Affidavit of J. Adamczyk, attached as Ex. 1, ¶3. Mac-Clark Restaurants, Inc. is a separate entity from Defendant and is a New York corporation with its principal place of business in New York. Id., ¶¶ 4, 14. Plaintiff Lexis Mays ("Mays") alleges that she works as a manager for Defendant at 37 Meadow Street in Clinton, New York. Complaint, D.E. 1, ¶ 19. Mays is a resident and citizen of New York. Id. Mays alleges that she had a child in January 2023 and returned to work the last week of February 2023. Id., ¶ 8. After she returned to work, Mays claims that Defendant failed to provide her with a secure, private space to pump and would not allow her to pump each time that she needed to do so in violation of the PUMP Act. Id.

Plaintiff alleges that Harold T. Clark III owns and operates the McDonald's restaurant in Clinton, NY where Mays works. Complaint, D.E. 1, ¶23. Harold T. Clark III is a New York limited liability company with its principal place of business located at 185 Genesee Street, Suite 1505, Utica, New York. Affidavit of J. Adamczyk, attached as Ex. 1, ¶14. Plaintiff Kathleen Faber alleges that she was employed by a separate entity, MBM Management, Inc., and that she worked in Kansas. D.E. 1, Complaint, ¶¶ 18, 22. Faber is a citizen of Kansas. Id. Plaintiffs Faber and Mays define the nationwide FLSA Collective which they seek to represent, in relevant part, as employees of the Franchisee Defendants, which is a term that refers to unidentified entities designated in the Complaint as ABC Corps. 1-100 d/b/a McDonald's. Id., ¶103. Plaintiffs define the McDonald's Collective which they seek to represent, in relevant part, as employees of McDonald's U.S.A., L.L.C. Id., ¶102.

---

[1] Defendant's counsel made Plaintiffs' counsel aware that Plaintiff did not work for Harold T. Clark III, LLC and proposed that the parties stipulate to dismiss the improperly named defendant. Counsel for Harold T. Clark III and for Plaintiffs met and conferred, and Plaintiff has agreed to name the correct entity, but since they have not yet named the correct entity, we are responding accordingly.

## Legal Standard

### 1. Rule 12(b)(1) (Lack of Subject Matter Jurisdiction)

Federal Rule of Civil Procedure 12(b)(1) "allows parties to challenge a pleading based on lack of subject matter jurisdiction." *Williams v. Vill. of Alsip*, 2024 U.S. Dist. LEXIS 45151, *5-6 (N.D. Ill. March 14, 2024). "The question of standing to sue is a jurisdictional one." *Petkovic v. United States SBA*, 2023 U.S. Dist. LEXIS 203559, *3 (N.D. Ill. Nov. 14, 2023). To survive a 12(b)(1) motion, a plaintiff must establish the following elements: "(1) an injury in fact; (2) causation; and (3) redressability." *Petkovic* at *3.

### 2. Rule 12(b)(2) (Lack of Personal Jurisdiction)

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) "challenges the Court's jurisdiction over a party." *HS Wholesale Ltd. v. HS Glob. Distrib., LLC*, 2024 U.S. Dist. LEXIS 32202, *4 (N.D. Ill. Feb. 26, 2024). "Once a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of establishing it." *Redd v. Amazon Web Servs.*, 673 F. Supp. 3d 943, 946 (N.D. Ill. 2023). In deciding a Rule 12(b)(2) motion, "[i]t is well-settled that the court is not cabined to the four corners of the complaint." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2021 U.S. Dist. LEXIS 4301, *4-5 (N.D. Ill. Jan. 11, 2021) (noting that courts may consider affidavits submitted by the parties in connection with a Rule 12(b)(2) motion).

### 3. Rule 12(b)(3) (Improper Venue)

Fed. R. Civ. P. 12(b)(3) allows a party to seek dismissal of a case for improper venue. *EJP Delivery v. FedEx Ground*, 2020 U.S. Dist. LEXIS 177375, *1 (E.D. Wisc. Sept. 25, 2020). Pursuant to 28 USCS §1391(b), "a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 USCS §1391(b).

### 4. Rule 12(b)(4) (Insufficient Process) and (12) (5) (Insufficient Service of Process)

"[A] motion to dismiss under Rule 12(b)(4) tests whether the plaintiff has nam[e]d the proper defendant." (internal quotations omitted) *Driessen v. Vabalaitus*, 2023 U.S. Dist. LEXIS 90340, *2 (W.D. Wisc. May 23, 2023). Under Rule 12(b)(5), a party can "challenge the sufficiency of service of process." *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.*, 2024 U.S. Dist. LEXIS 15140, *3-4 (N.D. Ill. Jan. 29, 2024). A court does not have personal jurisdiction over a defendant unless there has been sufficient service of process. *Id.* "It is the plaintiff's burden to demonstrate jurisdiction through effective service or else to make a showing of good cause as to why he was unable to serve defendants in compliance with the rules." *Vazquez v. Mason Manor Condo. Ass'n*, 2018 U.S. Dist. LEXIS 102470, *4 (N.D. Ill. June 19, 2018).

### 5. Rule 12(b)(6) (Failure to State a Claim for Which Relief Can Be Granted)

*"*A motion to dismiss under Rule 12(b)(6) avers that the well-pleaded factual allegations of the complaint fail to meet [the] minimum threshold" required by Fed. R. Civ. P. 8(a)(2). *Walker* at *13-14. Federal Rule of Civil Procedure 8(a)(2) "requires that all civil complaints 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Walker v. Walgreens Specialty Pharm., LLC*, 2023 U.S. Dist. LEXIS 144916, *13-14 quoting Fed. R. Civ. P. 8(a) & (a)(2). To avoid dismissal, Plaintiff's "complaint must contain allegations that 'state a claim to relief that is plausible on its face.'*"* *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "These requirements ensure that the defendant receives 'fair notice of what the

... claim is and the grounds upon which it rests.'" *Gaines v. Dart*, 2021 U.S. Dist. LEXIS 21400, *4 (N.D. Ill. Feb. 4, 2021) quoting *Twombly*, 550 U.S. at 555.

6. **Rule 12(f) (Motion to Strike)**

Pursuant to Rule 12(f), "a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *FDIC v. Crowe Horwath LLP*, 2018 U.S. Dist. LEXIS 50250, *6 (N.D. Ill. Mar. 27, 2018) quoting Fed. R. Civ. P. 12(f). A court may strike class or collective action allegations from a complaint at the pleading stage "only where the pleadings are facially defective or inherently deficient." *Advanced Dermatology v. Fieldwork, Inc.*, 550 F. Supp. 3d 555, 568-569 (N.D. Ill. July 21, 2021). Moreover, "[r]equests for relief may also be stricken when they seek relief that is not recoverable as a matter of law." *FDIC v. Crowe Horwath LLP*, 2018 U.S. Dist. LEXIS 50250, *6 (N.D. Ill. Mar. 27, 2018).


**ARGUMENT**

I. **PLAINTIFFS' CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) BECAUSE PLAINTIFFS LACK ARTICLE III STANDING.**

Plaintiffs lack Article III standing to sue Harold T. Clark III and, as a result, Defendant must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1)." *Smith v. GC Servs. L.P.*, 2017 U.S. Dist. LEXIS 93710, *2 (S.D. Ind. June 19, 2017) citing *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012).To establish standing, a plaintiff must show that she "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial ruling." *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F. Supp. 3d 922, 926 (N.D. Ill. 2022). Plaintiffs lack standing because they do not allege that they suffered an injury traceable to Defendant that is likely to be redressed by a favorable judicial ruling.

5

**A.  Plaintiff Faber and Mays and the Putative Collective Members Never Worked for Defendant and Do Not have Standing to Sue Defendant.**

Plaintiff Mays never worked for Harold T. Clark III and lacks standing to prosecute a PUMP Act claim against this Defendant. Ex. 1, Affidavit of J. Adamczyk, ¶3. Likewise, neither Plaintiff Faber nor the putative members of either collective have standing to prosecute PUMP Act claims against Harold T. Clark III and their claims must be dismissed. The PUMP Act amended the FLSA, and "[u]nder the FLSA, alleged employees' injuries are only traceable to, and redressable by, those who employed them." *Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016). Mays works for Mac-Clark Restaurants, Inc. Ex. 1, ¶3. Faber alleges that she worked for MBM Management, Inc. Complaint, D.E. 1, ¶¶ 7, 18. The putative class members allegedly worked for the unidentified ABC Corp. Defendants or McDonald's USA, LLC. Id., ¶¶ 2, 102, 103. Because Plaintiffs Mays, Faber and the putative class members were never employed by Harold T. Clark III, their claims fail for lack of standing and must be dismissed.

**B.  Plaintiffs Do Not Have Standing to Seek Injunctive or Declaratory Relief Because There Is No Immediate Threat of Future Injury.**

Plaintiffs seek injunctive and declaratory relief and ask that the Court enjoin Defendant from violating the FLSA. However, "unlike with damages, a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief . . ." *Rice* at 926. Instead, "a plaintiff seeking prospective injunctive relief must 'face a real and immediate threat of future injury.'" *Id.* quoting *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). Because both declaratory and injunctive relief are "forward looking remedies," a "plaintiff seeking these forms of relief has standing to sue for an alleged future injury only if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." (quotations omitted) *Bell v. Pappas*, 2024 U.S. Dist. LEXIS 71779, *19 (N.D. Ill. April 19, 2024) citing *Swanigan v.*

6

*City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018). Neither Plaintiff has alleged that she presently requires or will imminently require a private space and/or time for lactation breaks at work for Harold T. Clark III. Furthermore, no member of either collective is alleged to require a private space and/or time for lactation breaks. As a result, Plaintiffs lack standing to pursue declaratory or injunctive relief.

### C. Compensatory and Punitive Damages are Not Available in the Seventh Circuit for Non-Retaliatory Discharge FLSA Claims and Are Not Authorized by the PUMP Act.

Plaintiffs do not claim that they lost any wages because of Defendant's alleged PUMP Act violations. Instead, they seek "legal and equitable damages" and punitive damages. D.E. 1, Complaint. Although Section 216(b) of the PUMP Act provides that an employer who violates the PUMP Act "shall be liable for such legal or equitable relief ***as may be appropriate to effectuate the purposes of the statute***, including employment, reinstatement, promotion, and the payment of wages lost and an additional amount as liquidated damages," it does not list punitive or compensatory damages as available forms of relief. (emphasis added). 29 USCS §216(b). Indeed, courts in the Seventh Circuit have long held that emotional distress damages, damages for mental suffering, punitive damages, and compensatory damages are not available under the FLSA for claims that do not involve retaliatory discharge, as is the case here.

Where a plaintiff is not making a retaliation claim, "[t]he FLSA does not allow general compensatory damages." *Knerr v. Norge Co., Div. of Fedders Corp*., 476 F. Supp. 1352, 1354 (S.D. Ill. 1979). For example, one court granted a defendant's motion to exclude the plaintiff from mentioning to the jury any matters "related to alleged emotional distress damages" in an FLSA case, holding that such damages "are not recoverable under the FLSA." *Walsh v. Dayemi Org., Inc*., 2022 U.S. Dist. LEXIS 115344, *3 (S.D. Ill. June 29, 2022). In *Pfeiffer v. Essex Wire Corp*,

7

the Seventh Circuit held that "[n]o provision was made [in the FLSA] for compensatory or punitive damages, and courts have universally struck down requests for such damages." *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 686 (7th Cir. 1982).

The PUMP act is an amendment to the FLSA, and the Court cannot award punitive or compensatory damages for an FLSA non-retaliatory discharge claim pursuant to Seventh Circuit precedent. The plaintiffs do not allege an immediate threat of future injury and cannot therefore seek declaratory or injunctive relief. As a result, the Court must dismiss Harold T. Clark from the litigation with prejudice because Plaintiffs do not have standing to pursue their PUMP Act claims since they do not allege that they suffered an injury traceable to Defendant that is likely to be redressed by a favorable judicial ruling.

### D. The Department of Labor's Interpretation of the PUMP Act Lacks the Force of Law and Is Not Entitled to *Chevron*-style Deference.

The field assistance bulletin to which Plaintiffs refer in their Complaint as authority for their request for compensatory and punitive damages is an interpretive bulletin from the Department of Labor and "it does not have the force of binding law." *Howard v. City of Springfield*, 274 F.3d 1141, 1146 (7th Cir. 2001). Therefore, it is "not entitled to deference, although courts may rely on it as persuasive evidence both of Congress's legislative and the Secretary's regulatory intent." *Id. See also Evans v. Distance Learning Sys. Ind.*, 2018 U.S. Dist. LEXIS 237401, *14-15 (S.D. Ind. 2018) (Stating that "interpretive bulletin regulations of the DOL, though not entitled to *Chevron* deference, can be persuasive.").

Courts in our judicial district "give '*Skidmore* deference' to the extent an agency interpretation has 'the power to persuade.'" *Berger v. Perry's Steakhouse of Ill., LLC*, 430 F. Supp. 3d 397, 412 (N.D. Ill. 2019) citing *Mendoza v. Sessions*, 891 F.3d 672, 676 (7th Cir. 2018). Whether an agency interpretation is persuasive depends on 'the thoroughness evident in its

consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Id.* quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). Where an agency interpretation "runs contrary to the regulation's plain language and how it had been interpreted and applied for years, including by the Seventh Circuit" and there is no "evidence of thorough consideration or well-reasoned decision-making prior to or even after the DOL's interpretation changed . . . [the] DOL's new interpretation is due no deference." *Berger v. Perry's Steakhouse of Ill.*, *LLC,* 430 F. Supp. 3d 397, 412 (N.D. Ill. 2019) (holding that DOL opinion letter did not warrant *Skidmore* deference).

Like the DOL opinion letter in *Berger*, the DOL field bulletin to which Plaintiffs refer is not entitled to *Skidmore* deference. It runs contrary to how damages under the FLSA in a non-retaliation case have been interpreted and applied for years by the Seventh Circuit as set forth more fully above in Section I.C. Moreover, the bulletin, which appears to have been circulated to regional administrators and district directors of the U.S. Department of Labor less than five months after the PUMP Act became effective, does not show "evidence of thorough consideration or well-reasoned decision-making." *Berger* at 412. There is no explanation of how the Principal Deputy Administrator for the DOL reached the conclusion that punitive and compensatory damages are available regardless of whether the employee has also experienced retaliation contrary to longstanding Seventh Circuit precedent. As a result, the Court should not defer to the Bulletin and should instead follow Seventh Circuit precedent and dismiss Harold T. Clark III from the litigation for lack of standing.

## II. PLAINTIFFS' CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(2) BECAUSE THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER HAROLD T. CLARK III.

Plaintiffs' claims against Harold T. Clark III must be dismissed because the Court does not have personal jurisdiction over Defendant. Where a federal court sits in diversity, it "must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis., Inc*., 783 F.3d 695, 697 (7th Cir. April 15, 2015). A court's exercise of jurisdiction must be authorized by the terms of the forum state's long arm statute and must also "comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Bahalim v. Ferring Pharms., Inc*., 2017 U.S. Dist. LEXIS 4588, *17 (N.D. Ill. Jan. 12, 2017). "Illinois' long-arm statute permits its courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States Constitutions . . . and it is well-settled that there is no operative difference between Illinois constitutional and federal constitutional limits on personal jurisdiction." (quotations omitted) *Id.* citing 735 ILCS 5/2-209(c).

 The U.S. Supreme Court has recognized two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). The plaintiff has the burden of establishing either that the Court has general or specific jurisdiction over Defendant to survive a motion to dismiss under Rule 12(b)(2). *See Bahalim* at *17-18 (Noting that personal jurisdiction may be general or specific depending on a defendant's contacts with the forum state). Plaintiffs do not explain in the Complaint why they believe that the Court has personal jurisdiction over Harold T. Clark III. Because Plaintiffs have not and cannot establish that the Court has either general or specific jurisdiction over Defendant and cannot show that requiring Defendant to defend the lawsuit in this forum comports with the Due Process Clause of the Fourteenth Amendment, the Court must dismiss Defendant from this case.

### A.  The Court lacks General Jurisdiction over Defendant.

The U.S. Supreme Court has emphasized that "[b]ecause general jurisdiction exists even with respect to conduct entirely unrelated to the forum state . . . it should not lightly be found."

*Kipp* at 698. A court has general jurisdiction over a defendant only when "the organization is 'essentially at home' in the forum State." *Id.* quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Courts apply the same jurisdictional analysis to limited liability companies as they apply to corporations to determine whether general jurisdiction exists. *See e.g. Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

"Illinois courts determine an entity's principal place of business by looking at the location of the offices responsible for the main activities of the entity; the location where the business of the entity is carried out; the location of business decision making; the residences of trustees and beneficiaries; and the 'nerve center of the entity.'" *Westchester Fire Ins. Co. v. G. Heileman Brewing Co*., 321 Ill. App. 3d 622, 630 (1st Dist. 2001) (citations omitted). The "nerve center" of the entity is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010).

Harold T. Clark III is a New York limited liability company. Affidavit of Joseph Adamczyk attached as Exhibit 1, ¶14. Defendant's "nerve center," where the decision making for the business occurs, is in New York. *Id*., ¶ 5, 15. Harold T. Clark III's activities are directed, controlled, and coordinated from New York. *Id.* Defendant's business is carried out in New York and its registered address with the New York Secretary of State is listed at 185 Genesee St., Ste. 1515, Utica, NY, 13501. Id., ¶ 14. Defendant has no offices, employees, property, or bank accounts in Illinois. Id., ¶¶ 6, 7, 9, 15. Defendant does not direct any sales activity or advertising toward Illinois. Id.,¶¶ 8, 12, 15. Defendant must be dismissed because the Court lacks general jurisdiction over Defendant.

### B. The Court Lacks Specific Jurisdiction Over Defendant.

Plaintiffs cannot show that their PUMP Act claims arise out of or relate to any activity of Defendant in Illinois, and therefore, cannot satisfy specific jurisdiction. "Where a court seeks to assert specific jurisdiction over a nonresident defendant, the defendant must have 'purposefully directed' his activities at residents of the state and the suit must involve alleged injuries that 'arise out of or relate to' those activities." *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1277 (N.D. Ill. 1997) quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). That is, for specific jurisdiction to exist, the defendant's own "suit-related conduct must create a substantial connection with the forum State*." Walden v. Fiore*, 571 U.S. 277, 284 (2014).

A plaintiff must adequately allege three elements to make a *prima facie* case of specific jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Alani Nutrition, LLC v. Ryse Up Sports Nutrition, LLC*, 2024 U.S. Dist. LEXIS 6724, *13 (N.D. Ill. Jan. 12, 2024). Because Plaintiffs cannot satisfy any of the three prongs required to establish specific jurisdiction, Harold T. Clark III must be dismissed.

### 1. Defendant Did Not Purposefully Avail Itself of the Privilege of Conducting Business in Illinois.

First, Defendant did not purposefully direct activities at Illinois or purposefully avail itself of the privilege of conducting business in Illinois. "Under the requirement of purposeful availment, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Zamora v. Lewis*, 2019 IL App (1st) 181642, P52 (1st Dist. 2019) (citations omitted). Where a

defendant has "no employees, offices, agents, real estate, inventory, or personal property in Illinois and does not conduct business in the State of Illinois," courts hold that a defendant has not purposefully availed itself of the privilege of conducting business in Illinois. *Wallace v. Am. Int'l Grp., Inc.*, 2023 U.S. Dist. LEXIS 176444, *8 (N.D. Ill. Sept. 30, 2023).

Defendant has no employees, offices, agents, real estate, or personal property in Illinois. Ex. 1, Adamczyk Affidavit, ¶¶ 6, 7, 9, 11, 15. Moreover, Defendant does not manufacture, sell, design, or distribute products to consumers in Illinois, own or operate facilities in Illinois, advertise in Illinois, or otherwise transact business in Illinois. Id., ¶¶ 10-13, 15. As a result, the Court does not have specific jurisdiction over Harold T. Clark III and Defendant must be dismissed from the case.

### 2. Plaintiff's Alleged Injury Did Not Arise Out of Defendant's "Forum-Directed" Activities.

Defendant must also be dismissed for lack of specific jurisdiction because Plaintiffs' PUMP Act claims and alleged injuries did not arise out of specific contacts directed by Defendant at Illinois. "[S]pecific jurisdiction is not appropriate merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." *RAR, Inc.*, 107 F.3d 1272, 1277. For example, even where a plaintiff shows that a defendant has sold some of its products in Illinois, Courts in our district have previously held the sale of products insufficient to satisfy specific jurisdiction unless the action arose out of those specific contacts with Illinois. See *Alani Nutrition, LLC*, 2024 U.S. Dist. LEXIS 6724, *14 (Holding that only those contacts that bear on the substantive legal dispute between the parties or relate to the operative facts of the case are relevant.)

There are no allegations in the Complaint sufficient to demonstrate that any "suit-related conduct" of Defendant has a "substantial connection" to Illinois. Instead, Plaintiffs' claims arise out of Plaintiff Mays' employment at a restaurant in Clinton, New York owned and operated by a separate New York entity. D.E. 1, Complaint, ¶¶ 8, 19, 87, Ex. 1, Affidavit of J. Adamczyk, ¶¶ 3, 4, 14. Plaintiff Mays alleges that Defendant failed to provide her with one or more lactation break(s) and alleges that Defendant refused to provide her a private space to pump while she worked for Defendant in New York, not in Illinois. D.E. 1, Complaint, ¶¶ 19, 87. Also, Plaintiff did not work for Defendant. In addition, Plaintiff is not an Illinois resident and is instead a resident of New York. Id., ¶ 19. Because there is no suit related conduct of Defendant with a substantial connection to Illinois, the Court lacks specific jurisdiction over the Defendant, and it must be dismissed.

To the extent Plaintiffs attempt to argue that the Court has jurisdiction over Defendant because Defendant allegedly agreed pursuant to a franchise agreement with McDonald's USA, LLC to personal jurisdiction in this judicial district, their argument is defective for a number of reasons. The Plaintiffs refer to alleged franchise agreements in paragraph 27 of the Complaint, and the Court has "discretion to consider certain documents that are referred to in the complaint, authentic, and central to plaintiff's claims without converting the motion to dismiss to a motion for summary judgment." *Advanced Physical Med. of Yorkville, Ltd. v. Allied Ben. Sys., Inc.*, 2023 U.S. Dist. LEXIS 50345, *5 (N.D. Ill. Mar. 24, 2023). First, Harold T. Clark III is not a named party to the franchise agreement with McDonald's USA, LLC. Defendant seeks leave to file a copy of the Franchise Agreement under seal as Ex. 1 to the Affidavit of J. Adamczyk. Instead, the agreement is between a separate entity, Harold T. Clark Jr., and McDonalds USA, LLC. Id.

Moreover, Plaintiffs also are not parties to the contract to which they refer and therefore cannot assert or seek to have enforced any of its terms. Id. Under Illinois law, "[g]enerally only parties to a contract or those in privity with the parties have rights under the contract." *Am. Gen. Fin. Servs. of Ill., Inc. v. Riverside Mortg. Co.*, 2005 U.S. Dist. LEXIS 10382, *9 (N.D. Ill. May 19, 2005); *see also Word v. City of Chicago*, 946 F.3d 391, 397 (7th Cir. 2020) (Holding that "[a]n individual not a party to a contract may only enforce the contract's rights when the contract's original parties intentionally entered into the contract for the direct benefit of the individual."). Even if the franchise agreement contained a "personal jurisdiction" term, which Defendant disputes, Plaintiffs are not parties to the agreement or third-party beneficiaries and cannot seek to enforce its terms.

Plaintiffs' argument also fails because the franchise agreement to which Plaintiffs refer does not even contain the "personal jurisdiction" language which they allege it contains in the Complaint. D.E. 1, Complaint, ¶ 27, Ex. 1 to J. Adamczyk Affidavit, Franchise Agreement, subject to motion to file under seal. Furthermore, the mere fact that a franchise agreement exists between a separate foreign entity and an Illinois LLC is an insufficient basis to assert personal jurisdiction over a defendant and fails to satisfy due process for the reasons set forth in this Section II, including because Plaintiffs fail to plausibly allege that their claims arise from the language of the franchise agreement.

With regard to named Plaintiff Faber, she did not work for Defendant, alleges that she worked for a separate entity in Kansas, and is a resident of Kansas. Id. ¶ 18. Because Defendant had no contacts with Illinois from which Plaintiffs' claims arise, the Court must dismiss Harold T. Clark III pursuant to Rule 12(b)(2).

**3.    The Court's Exercise of Jurisdiction Over Defendant Would Not Comport with Traditional Notions of Fair Play and Substantial Justice.**

Finally, the Court lacks specific jurisdiction over Defendant because to require Defendant to defend this litigation in this forum would not comport with traditional notions of fair play and substantial justice under the Fourteenth Amendment's Due Process clause. The Supreme Court long ago "held that due process is satisfied . . . so long as the defendant had 'certain minimum contacts' with the forum state such that the 'maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 800-801 (7th Cir. 2014) citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Crucial to the minimum contacts analysis is showing that the defendant "should reasonably anticipate being haled into court [in the forum State]." *RAR, Inc*., 107 F.3d 1272, 1277.

For example, in *Advanced Tactical Ordnance Sys., LLC*, the Seventh Circuit found that although the defendant fulfilled a few orders in Indiana after putting its allegedly infringing message on its website, there was no evidence that those sales had any connection with the litigation. *Advanced Tactical Ordnance Sys., LLC* at *10-11. Because specific jurisdiction must "rest on the litigation-specific conduct of the defendant in the proposed forum state," the court held that the plaintiff failed to satisfy the minimum contacts required pursuant to *International Shoe*. *Id.*  Likewise, there is no evidence here that Defendant engaged in any litigation-specific conduct in Illinois such that it should reasonably anticipate being haled to court in Illinois.  It did not even employ the named Defendants. As a result, Plaintiff fails to satisfy due process and the Court must dismiss Defendant from the litigation with prejudice. *See e.g. Poulsen Roser A/S v. Jackson & Perkins Wholesale, Inc.,* 2010 U.S. Dist. LEXIS 89266, *24 (N.D. Ill. Aug. 26, 2010) (dismissing defendant for lack of personal jurisdiction pursuant to Rule 12(b)(2) with prejudice).

### III.   THE CASE MUST BE DISMISSED PURSUANT TO RULE 12(B)(3) FOR IMPROPER VENUE.

Plaintiffs' Complaint must be dismissed because Plaintiffs have filed it in an improper venue. Contrary to the allegations in the Complaint, a "substantial part of the events or omissions giving rise to the claim" did not occur in this judicial district. D.E. 1, Complaint, ¶28 citing 28 USCS §1391(b) (2). Instead, the events and omissions giving rise to Plaintiffs' claims are alleged to have occurred in Clinton, New York. D.E. 1, Complaint, ¶¶ 8, 19, 87. Moreover, as set forth in Section II, Defendant is not "subject to the Court's personal jurisdiction with respect to [this] action. 28 USCS §1391(b)(3). Defendant also is not a resident of Illinois under Section (b)(1). As a result, venue is not proper in this judicial district and the Court must dismiss the Complaint under Rule (12)(B)(3).

### IV.   PLAINTIFF FAILED TO PROPERLY SERVE DEFENDANT UNDER RULE 4(K)(1) AND NAMED THE WRONG ENTITY, THEREFORE DEFENDANT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(4) AND (5).

A defendant may move to dismiss a cause of action because it has been improperly named in the complaint under Rule 12(b)(4).  *Driessen*, 2023 U.S. Dist. LEXIS 90340, *2 (W.D. Wisc. May 23, 2023). Moreover, pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move "for dismissal of a claim for insufficient service of process." *Friend v. Lloyd & McDaniel*, 2020 U.S. Dist. LEXIS 62183, *2-3 (N.D. Ind. April 9, 2020). "The plaintiff bears the burden of demonstrating that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Federal Rule of Civil Procedure 4 "governs service of process." *Friend*, 2020 U.S. Dist. LEXIS 62183, *3.

Pursuant to Fed. R. Civ. P. 4(k)(1) (Territorial Limits of Effective Service), in general, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where

the district court is located; (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or (C) when authorized by a federal statute." USCS Fed Rules Civ Proc R 4. Furthermore, the Advisory Committee Notes to the 1993 Amendments provide that "[s]ervice of the summons under this subdivision does not conclusively establish the jurisdiction of the court over the person of the defendant." *Id.*, Note on subdivision (e). Rather, a "defendant may assert the territorial limits of the court's reach set forth in subdivision (k), including the constitutional limitations that may be imposed by the Due Process Clause of the Fifth Amendment." Id.

For the reasons set forth above in Section II, the Court does not have personal jurisdiction over Defendant as is required under Fed. R. Civ. P. 4(k)(1)(A). Nor do Sections B or C of Fed. R. Civ. P. 4(K) apply, and the PUMP Act does not authorize service on Harold T. Clark. As a result, Harold T. Clark must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Moreover, Defendant must be dismissed under Rule 12(b)(4) because Plaintiffs named the wrong defendant in the Complaint. Ex. 1, Affidavit of J. Adamczyk, ¶ 3.

### V. DEFENDANT MOVES TO DISMISS OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS UNDER RULE 12(b)(6) or 12(f).

Defendant moves to dismiss the collective action allegations, if any, in the Complaint directed toward Harold T. Clark III ("Collective Action Allegations") pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to strike the Collective Action Allegations pursuant to Fed. R. Civ. P. 12(f). To proceed with an FLSA claim as a collective action under 29 U.S.C. §216(b), a plaintiff must show that there are "similarly situated employees who are potential claimants." *Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 433 (S.D. Ill. 2012). At the certification stage, the plaintiff must establish that she "and other potential plaintiffs were victims of a common unlawful

policy or plan." Id. (Explaining that there must be a "factual nexus that binds potential members of a collective action together.")

Where a pleading is facially and inherently deficient, a court may strike the collective action allegations. *Advanced Dermatology*, 550 F. Supp. 3d 555, 568-569. Furthermore, an "FLSA collective action under §216(b) may not proceed without a plaintiff to lead it." *Copello v. Boehringer Ingelheim Pharms.*, *Inc.*, 812 F.Supp.2d 886, 897 (N.D. Ill. 2011) (holding that because named plaintiff's claim was dismissed, there was no plaintiff who could represent others whom she alleged were similarly situated). Plaintiffs' pleading suffers from both deficiencies and therefore their collective action allegations must be dismissed or stricken.

### A. No Putative Member of Either Collective Is an Employee of Harold T. Clark III and Any Collective Action Allegations Directed Toward Defendant Must Be Stricken.

First, there is no collective defined in the Complaint that includes any employee of Harold T. Clark III. Rather, Plaintiff defines the "Franchisee Collective" in relevant part as persons who were employed by the Franchisee Defendants, which is a term used to refer to a group of unidentified entities designated as ABC Corporations 1-100 d/b/a McDonald's. Id., ¶ 103. Plaintiffs define the "McDonald's Collective" in relevant part as persons who were employed by McDonald's U.S.A., LLC. Id., ¶102. As a result, to the extent that Counts I or II purport to bring claims against Harold T. Clark III on behalf of any plaintiff other than Lexis Mays, including putative members of the collectives, Plaintiff's collective action allegations are "facially and inherently deficient," and in such circumstances it is appropriate to strike them pursuant to Rule 12(f). *See, e.g., Brunner v. Liautaud*, 2015 U.S. Dist. LEXIS 46018, *21 (N.D. Ill. Apr. 8, 2015) (granting motion to strike plaintiffs' putative nationwide class claim under IMWL).

### B. There Are No Other Named or Putative Plaintiffs Alleged to be Similarly Situated to Mays.

Moreover, dismissal of any collective action allegations directed to Defendant is necessary because Plaintiff Mays is the only individual alleged to have worked for Defendant and no other similarly situated employees of Harold T. Clark III are alleged to exist. D.E. 1, Complaint, ¶¶ 8, 19, 23. "To proceed on a § 216(b) collective action, there must be similarly situated employees, which usually includes being subjected to a common policy." *Vander Vennet v. Am. Intercontinental Univ. Online*, 2005 U.S. Dist. LEXIS 45344, *26 (N.D. Ill. Dec. 22, 2005).

More specifically, the *Vander Vennet* court explained, "[t]here must be a demonstrated similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated; an identifiable factual nexus that binds the plaintiffs together as victims of a particular violation of the overtime laws generally must be present." *Id.* Factors that courts consider in deciding "whether plaintiffs are similarly situated include the following:

 (a) similarities and differences in the employment and other factual settings of the various plaintiffs, including whether plaintiffs had differing job titles or assignments, worked in different locations, were under different supervisors or decisionmakers, or allege different types of violative conduct; (b) the extent to which the plaintiffs will rely on common evidence; (c) defenses available to defendants and whether the defenses are individual to each plaintiff; and (d) fairness and procedural considerations, including whether a trial may be coherently managed in a way that will not confuse the jury or unduly prejudice a party."

 *Vander Vennet*, 2005 U.S. Dist. LEXIS 45344, *28-29.

Plaintiffs have not alleged that there was any other employee of Defendant who was subject to a policy or plan which violated the PUMP Act in common with Mays, as is required to proceed with a collective action. Plaintiff Faber did not work for Defendant and lacks standing to pursue a PUMP Act claim against Harold T. Clark III. D.E. 1, Complaint, ¶¶7, 18, 22. Faber is also not a similarly situated employee including because she alleges that she worked for a different entity in a different location (in Kansas) and was under a different supervisor or decisionmaker. Complaint, D.E. 1, ¶¶ 18, 79-86. As a result, the witnesses and records relating to plaintiff Faber's PUMP Act

allegations against Defendant MBM Management, Inc. will differ from the evidence relating to plaintiff Mays's allegations against Harold T. Clark III.

The same holds true of the putative collective members alleged to have been employed by Defendant McDonald's USA and the putative collective members of the unidentified ABC Corp. Defendants. Not only do they work for different employers and lack standing to prosecute PUMP Act claims against Harold T. Clark III, but they are not similarly situated given that they worked at different locations, reported to different supervisors, had different policies, and would not rely on evidence in common with Plaintiff Mays to prosecute their claims. Id, ¶¶ 24, 94. Moreover, Plaintiffs' allegation that "57% of all staff were female with 70% of managers being female" at McDonald's U.S. based restaurants says nothing about whether there were similarly situated employees of Harold T. Clark who were lactating and requested accommodations under the PUMP Act from Harold T. Clark and also does not provide a basis that similarly situated employees to Mays exist. D.E. 1, Complaint, ¶ 21.Regardless, regarding the unidentified ABC Corp. Defendants, the Court must dismiss "[t]his type of unnamed defendant" because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Naderi v. ResMed Inc.*, 2023 U.S. Dist. LEXIS 146126, *8 (N.D. Ind. Aug. 21, 2023) citing *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997).

It is clear from the face of the Complaint that the putative collective members are not similarly situated because to determine whether each defendant violated the PUMP Act would involve a host of inquiries individual to each plaintiff and putative collective member. These issues include without limitation whether the individual gave notice to her employer of her need for space and breaktime, the employer's response, the nature of the accommodation needed, whether the

employee was provided with a "functional space" to pump as defined by the Act, whether the employee was lactating within the first year after her child's birth, and each plaintiff's damages, among others.

The defenses involved would also be individual to each plaintiff's claim and the witnesses and evidence upon which each defendant would rely would be different and vary by entity/work location. It would be impossible to try a case before a jury involving this many separate defendants nation-wide, all of which have different policies, practices, supervisors, defenses, and inquiries individualized to each plaintiff and putative collective member. Defendants have estimated in their joint status report that to attempt to try such a case involving all McDonald's USA-owned restaurants throughout the United States and the owners of over 10,000 other independent McDonald's-brand restaurants across the United States would take in excess of six months. D.E. 36, Initial Joint Status Report, § VII (Trial).

Taking into account fairness and procedural considerations, a trial of this scope could not be coherently managed in a way that would not confuse the jury and unduly prejudice Defendant. For all of these reasons, the Court should strike any collective action allegations directed toward Harold T. Clark III from the Complaint and dismiss any such claims with prejudice. A defendant should not be required to engage in lengthy and costly collective action discovery where, as here, the Plaintiffs' collective action allegations "are facially defective or inherently deficient." *Advanced Dermatology v. Fieldwork, Inc.*, 550 F. Supp. 3d 555, 568-569 (N.D. Ill. July 21, 2021).

### C. The Collective Action Allegations Must Be Dismissed or Stricken Because the Collectives Are Unascertainable and are Improper Fail Safe Classes.

In addition to the above factors, "[t]o determine whether the proposed collective is 'similarly situated,' the Court may apply the law of Rule 23 class certification." *Fillipo v. Anthem Cos.*, 2022 U.S. Dist. LEXIS 233546, *3 (S.D. Ind. Dec. 30, 2022) citing *Herrington v. Waterstone Mortg.*

*Corp.*, 907 F.3d 502, 507 n.4 (7th Cir. 2018) (noting that despite differences between FLSA collective actions and Rule 23 class actions, cross-application of legal standards is acceptable in the Seventh Circuit). To be considered similarly situated, the members of a proposed collective "must at least have suffered the same injury at the hands of the same defendant." *Id.* at *3 quoting *McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 800-01 (7th Cir. 2017). Furthermore, Plaintiffs cannot define the class such that "whether a person qualifies as a member depends on whether the person has a valid claim." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2011). Known as a "fail safe" class, "[s]uch a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgement." *Id.; see also Filipo* at *4 (Denying certification of the FLSA collective and holding that "Plaintiffs cannot of course straight out define the collective as those misclassified by Defendant as exempt outside salepersons because that would create an impermissible fail-safe class.").

Plaintiff Mays does not allege that she suffered the same injury at the hands of the same defendant as any other named plaintiff or putative collective member and as a result, her collective action claims must be stricken because there are no similarly situated individuals alleged to exist. Moreover, Plaintiffs' proposed collectives must also be stricken because they are improper "fail safe" collectives. Plaintiffs define their collectives, in sum, as persons who were not provided breaks as needed or were not provided a sanitary functional space to express breastmilk during the first year following the birth of a child. D.E. 1, Complaint, ¶ 103. Membership in the collective depends on whether an individual's legal rights were violated under the PUMP Act, and courts have long held that this type of fail-safe class is improper. *Messner*, 669 F.3d 802, 825.

Finally, the individualized inquiries that would be necessary to determine whether a person is a member of the collective make it such that the Plaintiff's proposed collective is not ascertainable and must be stricken. "[I]f determining the membership of a class turns on subjective criteria requiring plaintiff-by-plaintiff inquiry, the class is not ascertainable." *DuRocher v. NCAA*, 2015 U.S. Dist. LEXIS 41110, *37-39 (S.D. Ind. March 31, 2015). Indeed, "[when a class is not ascertainable (i.e., the membership is not objectively determinable), a court is within its authority to strike the class allegations." *Id.* Because Plaintiffs' proposed collective is not ascertainable and is an improper fail-safe collective, the Court should strike it.

### D.  The Named Plaintiffs Lack Standing and Where There Remains No Named Plaintiff in the Case, The Court Must Strike the Collective Action Claims.

Finally, where a "[p]laintiff is the only named plaintiff and . . . has no remaining claims against Defendant . . . there remains no named Plaintiff in the case," and courts "dismiss[ ] the collective action claims on that basis." *Jones v. PNC Bank, N.A.*, 630 F. Supp. 3d 959, 967 (N.D. Ill. 2022) citing *Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014). Because Plaintiffs Faber and Mays do not have standing to pursue claims against Defendant for the reasons set forth above, any collective action allegations against Harold T. Clark III must also be dismissed or stricken.

### VI.  PLAINTIFFS' PRAYER FOR PUNITIVE AND COMPENSATORY DAMAGES AND FOR INJUNCTIVE RELIEF SHOULD BE STRICKEN UNDER RULE 12(f)

A Court may strike a plaintiff's prayer for relief or portions thereof where the requested relief is not recoverable by law. For example, in *Rokosik v. City of Chicago*, the court struck a plaintiff's request for compensatory damages where it was "a certainty that plaintiffs [would] be unable to recover compensatory damages for pain and suffering" because the "ADEA does not permit

recovery of those damages." *Rokosik v. City of Chicago*, 1999 U.S. Dist. LEXIS 16440, *6-7 (N.D. Ill. Oct. 12, 1999). Likewise, because punitive and compensatory damages are not available for the reasons set forth in Section I(B), Defendant respectfully requests that the Court strike Plaintiffs' prayer for punitive and compensatory damages with prejudice. Moreover, Plaintiffs' claim for injunctive relief should be stricken because they do not have standing to pursue this relief as set forth in Section I(A).

<u>Conclusion</u>

For all of the reasons set forth above and in Defendant's contemporaneously filed Motion to Dismiss the Amended Complaint, Defendant Harold T. Clark III, LLC respectfully requests that the Court grant its motion  and dismiss Defendant from this lawsuit with prejudice and enter an Order granting such other relief as the Court deems just.


Date: May 28, 2024                                   Respectfully submitted:


                                                     Harold T. Clark III, LLC

                                     By:    /s/  *Jamie L. Filipovic*
                                            One of the Attorneys for Defendant, Harold
                                            T. Clark III, LLC

Jamie L. Filipovic (ARDC #6278943)
Stacey Vucko (ARDC #6296832)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
(312)422-6100
jfilipovic@ohaganmeyer.com
svucko@ohaganmeyer.com