IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kathleen R. Faber and Lexis Mays, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McDonald's U.S.A., L.L.C., MBM Management, Incorporated, Harold T. Clark III, LLC, and ABC Corporations 1-100 d/b/a McDonald's,<br><br>Defendants. | Case No. 1:24-cv-1246<br><br>Honorable LaShonda J. Hunt |

**DEFENDANT MBM MANAGEMENT, INC.'S MOTION TO DISMISS**

NOW COMES Defendant MBM MANAGEMENT, INC. ("Defendant"), by and through its attorney Sheri A. Mercier of O'HAGAN MEYER LLC, and moves pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (3) to dismiss Plaintiffs' Complaint for lack of standing, lack of personal jurisdiction, and improper venue. In support of its motion, Defendant states as follows:

**I.     Background**

Plaintiff Kathleen R. Faber ("Faber") was an employee of Defendant working at the McDonald's restaurant at 200 North Main Street in Haysville, Kansas. Complaint, D.E. 1, ¶ 7. Faber alleges that she gave birth to her child in September 2022, and then commenced employment for Defendant in January 2023 as a nighttime manager. *Id*. Faber claims at her time of hire she spoke with the general manager about pumping at work (specifically that she would need breaks and a place to pump) and was assured that it would not be a problem and that she would have time to pump during her night shift. *Id*. at ¶¶ 7, 80.

However, Faber claims that when the time came and she inquired where she should pump, she was told that she would have to pump in the stock room or the bathroom. *Id*. at ¶ 81. She claims her immediate supervisor was aware of this and when Faber pointed out it was unsuitable, both the immediate supervisor and general manager indicated there was no other private place in the restaurant to pump. *Id*. at ¶ 82. Faber also alleges that she rarely had sufficient break times to pump, and for roughly half her shifts had no break at all to pump. *Id*. at ¶¶ 7, 83. Thus, it is Faber's contention that Defendant deprived her of her rights as a nursing mother guaranteed by the PUMP Act by failing to provide her with a secure, private space and reasonable breaks to pump, purportedly forcing her to pump in the corner of the stock room to avoid the sight lines of the security cameras or, when she worked with male employees, in the bathroom. *Id*. at ¶¶ 7, 80. Faber claims she eventually quit in May 2023 due to lack of lactation accommodations. *Id*. at ¶ 83.

II.  **Argument**

   a. **Plaintiffs' Claims Must Be Dismissed Pursuant to FCRP 12(b)(1) Because Only Plaintiff Faber Worked for Defendant and, Therefore, the Putative Collective Members Have No Standing**

"A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1)." *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). To establish standing, a plaintiff must show that she "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial ruling." *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F.Supp.3d 922, 926 (N.D. Ill. 2022). "Under the FLSA, alleged employees' injuries are only traceable to, and redressable by, those who employed them." *Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016). Here, Plaintiff defines the "Franchisee Collective" as unnamed persons who were employed by the Franchisee Defendants. Complaint, D.E. 1, ¶ 103. However, Faber is the only individual alleged to have

2

worked for Defendant and no other similarly situated employees of Defendant are alleged to exist. *See generally*, Complaint, D.E. 1. Because there are no allegations that any of the putative class members were ever employed by Defendant other than Faber, their claims fail for lack of standing and must be dismissed. Similarly, because Plaintiffs have not alleged that there was any other employee of Defendant who was not accommodated in violation of PUMP Act similar to Faber, Plaintiffs cannot proceed with a collective action against Defendant.

### b. Plaintiffs' Claims Must Be Dismissed Pursuant to Rule 12(b)(2) Because the Court Does Not Have Personal Jurisdiction.

The plaintiff has the burden of demonstrating the existence of personal jurisdiction. *See McIlwee v. ADM Industries, Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). Here, Plaintiffs' Complaint claims this Court has personal jurisdiction over Defendant because Defendant entered into a franchise contract with co-Defendant McDonald's and agreed, pursuant to the Franchise Agreement, to be subject to personal jurisdiction in this district. Complaint, D.E. 1, ¶ 27. However, the Franchise Agreement states no such thing. *See* Franchise Agreement attached to Defendant McDonald's Motion to Dismiss (exhibit filed under seal). Beyond this, an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts. *See RAR, Inc. v. Turner Diesel*, 107 F.3d, 1272, 1277 (7th Cir. 1997), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Accordingly, this Court does not have personal jurisdiction over Defendant.

### c. Plaintiffs' Claims Must Be Dismissed Pursuant to Rule 12(b)(3) Due to Improper Venue

Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(2). The plaintiff has the burden to demonstrate that venue is proper. *RAR, Inc.*, 107 F.3d at 1276. Contrary to the allegations in the

Complaint, a substantial part of the events or omissions giving rise to the claim did not occur in this judicial district. Complaint, D.E. 1, ¶ 28. Instead, the alleged events and omissions giving rise to Plaintiff Faber's claims occurred in Kansas. *Id*. at ¶ 7. As a result, venue is not proper in this judicial district. It is also undisputed that Plaintiff Faber is a resident and citizen of Kansas and Defendant is a Michigan corporation and therefore a citizen of the state of Michigan. Complaint, D.E. 1, ¶¶ 18, 22. Venue is proper in a federal question case in the judicial district where the defendant resides. 28 U.S.C.S. § 1391(b). A corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C.S. § 1391(c). As was already laid out above, this Court does not have personal jurisdiction over Defendant, a corporation that does not do business in the Northern District of Illinois. Accordingly, this district is also the improper venue.

## Conclusion

For all of the reasons set forth above, Defendant MBM MANAGEMENT, INC., respectfully requests that the Court grant its motion to dismiss and dismiss Defendant from this lawsuit with prejudice and enter an Order granting such other relief as the Court deems just.

Dated: May 28, 2024

Kevin M. O'Hagan (ARDC #6211446)
Sheri A. Mercier (ARDC #6310296)
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: (312) 422-6100
Fax: (312) 422-6110
kohagan@ohaganmeyer.com
smercier@ohaganmeyer.com

Respectfully submitted,

MBM MANAGEMENT, INCORPORATED

By:    */s/ Sheri A. Mercier*
One of its Attorneys

4

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of May, 2024, I electronically filed a copy of the foregoing, with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

          /s/ Sheri A. Mercier
Sheri A. Mercier (ARDC No. 6310296)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
smercier@ohaganmeyer.com
*One of the Attorneys for*
*Defendant MBM Management, Incorporated*