**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kathleen R. Faber and Lexis Mays, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>McDonald's U.S.A., LLC; MBM Management, Inc.; Mac-Clark Restaurants, Inc.; and ABC Corporations 1-100 d/b/a McDonalds,<br><br>    Defendants. | Case No. 1:24-cv-01246<br><br><br><br>Judge LaShonda A. Hunt<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANT MCDONALD'S U.S.A, LLC'S MOTION
TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(1) AND 12(b)(6) AND TO STRIKE CLASS ALLEGATIONS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), Defendant McDonald's USA, LLC ("McDonald's USA") respectfully move this Court for an order dismissing Plaintiff's First Amended Complaint ("Complaint," Dkt. 68) with prejudice. In support thereof, McDonald's USA states the following:

1.      Plaintiffs bring this collective action alleging that Defendants violated the Providing Urgent Maternal Protections for Nursing Motions Act (the "PUMP Act," 29 U.S.C. § 218d) by failing to provide their employees with compliant space or breaks to pump milk. Defendants each filed their own motion to dismiss Plaintiff's original complaint, arguing that Plaintiffs failed to state a claim and the collective allegations were ripe to be dismissed or stricken. Rather than respond to the motions to dismiss, Plaintiffs amended and filed the operative Complaint in an attempt to bolster their claims. But Plaintiffs' minimal amendments fail to address

the core deficiencies with their claims. Accordingly, for the reasons set forth herein and the accompanying memorandum in support, Plaintiffs' Complaint warrants dismissal with prejudice.

2.      Plaintiff Kathleen Faber was employed by Defendant MBM Management, Inc. ("MBM"), an entity that owns and operates a McDonald's-branded restaurant in Kansas pursuant to a franchise agreement with Defendant McDonald's USA. Plaintiff Lexis Mays is employed by Mac-Clark Restaurants, Inc. ("Mac-Clark"), a separate entity that owns and operates a McDonald's-branded restaurant in New York pursuant to its own franchise agreement with McDonald's USA. Plaintiffs each contend that their respective employers did not provide them with compliant space or breaks to pump in violation of the PUMP Act, which requires employers provide accommodations for certain nursing mothers in the first year following the birth of their child.

3.      Plaintiffs seek to bring their claims on behalf of two nationwide collectives: one consisting of all nursing mothers who worked at any one of the nearly 13,000 McDonald's-branded restaurants owned and operated by unidentified independent franchisees (only two at which Plaintiffs ever worked) across the United States (the "Franchisee Collective") and a second comprised of all nursing mothers who worked at any of the approximately 693 McDonald's Operating Company's ("McOpCo") corporate-owned and operated restaurants in the country (the "McOpCo Collective" also referred to as the "McDonald's Collective" in the Complaint).

4.      Although Plaintiffs do not allege to have worked for a McOpCo restaurant, they seek to represent McOpCo employees. Plaintiffs allege each only worked at a single franchised restaurant, but seek to represent any nursing mother who worked at any McDonald's-brand restaurant in the United States by alleging a joint employment relationship between McDonald's USA and thousands of unidentified independent franchisees (plus MBM and Mac-Clark), based

on nothing more than a franchise agreement. Plaintiffs' individual and collective claims against McDonald's USA and the unnamed franchisees fail at the outset and should be dismissed in their entirety for the following reasons.

5.      *First*, Plaintiffs do not have standing, and therefore this Court does not have jurisdiction over Plaintiffs' claims against McDonald's USA to the extent they are based on McDonald's USA being a direct, as distinct from joint, employer. There are no allegations either Plaintiff was directly employed by McDonald's USA or that any direct McDonald's USA employee notified McDonald's USA they needed time or space to pump, but was denied the requested accommodation.

6.      *Second*, Plaintiffs' claims against McDonald's USA should be dismissed because they fail to state a plausible claim for violations of the PUMP Act—either on a direct or joint employment theory. The Complaint lacks any allegation that either Faber or Mays ever provided notice to McDonald's USA that they had a need for space or breaks to pump during work.[1]

7.      *Third*, Plaintiffs lack standing to sue the thousands of unnamed franchisees with whom they have no direct employment relationship. Even if they could establish a joint employment relationship between their employers and McDonald's USA, there are no facts that could create a co-employment relationship between Plaintiff's employers and any of the unnamed franchisees. It is simply not enough that members of the collective they seek to represent individually have direct employment relationships with their respective franchisee employers; rather, Plaintiffs themselves must individually meet the standing requirement for each claim and each defendant.

---

[1] Although the Court need not decide the question of joint employer at this juncture to grant the relief sought, and for the reasons set forth more thoroughly in its memorandum in support, McDonald's USA disputes that it is a joint employer of Faber, Mays, or any of the putative "Franchisee Collective."

8. *Fourth*, the Complaint also fails to state a claim against the unnamed franchisees. There are no factual allegations that any unnamed individual franchisee received requests for lactation accommodations and failed to provide them—nor could there be because neither Plaintiff has any personal knowledge about accommodation requests other than their own, and they never worked at any of the thousands of unnamed franchisees' restaurants.

9. *Fifth*, Plaintiffs' collective allegations should be dismissed or stricken because the defined collectives are unascertainable because identifying its members would require individualized inquiries.

WHEREFORE, McDonald's USA respectfully requests that the Court grant its motion and enter an Order dismissing Plaintiffs' Complaint with prejudice and granting such other relief as the Court deems appropriate.

Respectfully submitted,

MCDONALD'S USA, LLC

DATED: August 15, 2024

*/s/ Richard B. Lapp*
Camille A. Olson
Richard B. Lapp
Kyle A. Petersen
Noah A. Finkel
Paul Yovanic, Jr.
SEYFARTH SHAW LLP
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606
(p) 312-460-5000
(f) 312-460-7000
colson@seyfarth.com
rlapp@seyfarth.com
kpetersen@seyfarth.com
nfinkel@seyfarth.com
pyovanic@seyfarth.com