IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kathleen R. Faber and Lexis Mays, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McDonald's U.S.A., L.L.C., MBM Management, Inc., Harold T. Clark III, LLC, and ABC Corporations 1-100 d/b/a McDonald's,<br><br>Defendants. | Case No. 1:24-cv-1246<br><br>Honorable LaShonda J. Hunt |

**DEFENDANT MBM MANAGEMENT, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant MBM MANAGEMENT, INC. ("Defendant"), by and through its attorneys, O'HAGAN MEYER LLC, and moves pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (3) to dismiss Plaintiffs' First Amended Complaint ("Complaint") for lack of standing, lack of personal jurisdiction, and improper venue. In support of its motion, Defendant states as follows:

### I. Background

Plaintiff Kathleen R. Faber ("Faber") was an employee of Defendant working at the McDonald's restaurant at 200 North Main Street in Haysville, Kansas. *See* Complaint, D.E. 68, ¶ 7. Faber alleges that she gave birth to her child in September 2022, and then commenced employment for Defendant in January 2023 as a nighttime manager. *Id*. Faber claims at her time of hire she spoke with the general manager about pumping at work (specifically that she would need breaks and a place to pump) and was assured that it would not be a problem and that she would have time to pump during her night shift. *Id*. at ¶¶ 7, 83.

However, Faber claims that when the time came and she inquired where she should pump, she was told that she would have to pump in the stock room or the bathroom. *Id*. at ¶ 84. She claims her immediate supervisor was aware of this and when Faber pointed out it was unsuitable, both the immediate supervisor and general manager indicated there was no other private place in the restaurant to pump. *Id*. at ¶ 85. Faber also alleges that she rarely had sufficient break times to pump, and for roughly half her shifts had no break at all to pump. *Id*. at ¶¶ 7, 86. Thus, it is Faber's contention that Defendant deprived her of her rights as a nursing mother guaranteed by the PUMP Act by failing to provide her with a secure, private space and reasonable breaks to pump, purportedly forcing her to pump in the corner of the stock room to avoid the sight lines of the security cameras or, when she worked with male employees, in the bathroom. *Id*. at ¶¶ 7, 83. Faber claims she eventually quit in May 2023 due to lack of lactation accommodations. *Id*. at ¶ 86.

## II. <u>Argument</u>

### a. **Plaintiffs' Claims Must Be Dismissed Pursuant to FCRP 12(b)(1) Because Only Plaintiff Faber Worked for Defendant and, Therefore, the Putative Collective Members Have No Standing**

"A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1)." *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). To establish standing, a plaintiff must show that she "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial ruling." *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F.Supp.3d 922, 926 (N.D. Ill. 2022). "Under the FLSA, alleged employees' injuries are only traceable to, and redressable by, those who employed them." *Berger v. NCAA*, 843 F.3d 285, 289 (7th Cir. 2016). Here, Plaintiff defines the "Franchisee Collective" as unnamed persons who were employed by the Defendant at a restaurant owned or operated by Defendant since December 9, 2022, who were or are lactating

in the year following the birth of a child. Complaint, D.E. 68, ¶ 106. However, Faber is the only individual alleged to have worked for Defendant and no other similarly situated employees of Defendant are alleged to exist. *See generally*, Complaint, D.E. 68. Because there are no allegations that any of the putative class members were ever employed by Defendant other than Faber, their claims fail for lack of standing and must be dismissed. Similarly, because Plaintiffs have not alleged that there was any other employee of Defendant who was not accommodated in violation of PUMP Act similar to Faber, Plaintiffs cannot proceed with a collective action against Defendant.

      **b. Plaintiffs' Claims Must Be Dismissed Pursuant to Rule 12(b)(2) Because the Court Does Not Have Personal Jurisdiction.**

The plaintiff has the burden of demonstrating the existence of personal jurisdiction. *See McIlwee v. ADM Industries, Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). A defendant is subject to general jurisdiction when he has "continuous and systemic general business contacts" with the forum state. *Moran Indus. v. Baker*, 2011 U.S. Dist. LEXIS 58795, at *3 (N.D. Ill. May 27, 2011). This standard requires that a defendant's contacts with a state be so extensive that he can be treated as present in the state for essentially all purposes. *Id*. at *3-*4. When a defendant is subject to general jurisdiction, he can be called into court in that state for any alleged wrong, committed in any place, regardless of the relationship of the wrong to the forum state. *Id.* at *4. Clearly, Defendant, which is based in Michigan and operates restaurant franchises in Kansas, does not have such continuous and systemic general business contacts with Illinois that it would be subject to general jurisdiction here.

Rather, what Plaintiffs' Complaint really claims is that this Court has specific personal jurisdiction over Defendant simply because Defendant is a franchisee of co-Defendant McDonald's, which is headquartered in the district and, as a result, entered into a franchise

3

agreement with co-Defendant McDonald's which allegedly includes a provision requiring franchisees to submit to personal jurisdiction in this district. Complaint, D.E. 68, ¶ 28. First and foremost, the Franchise Agreement states no such thing. *See* Franchise Agreement attached to Co-Defendant McDonald's Motion to Dismiss (exhibit filed under seal).[1] Second, the mere fact that a franchisor is located in a particular state does not subject the franchisee to that state's jurisdiction. *Asbury v. Quality Inn Memphis-West*, 1985 U.S. Dist. LEXIS 13008 (N.D. Ill. December 9, 1985) (finding that though the court had jurisdiction over the franchisor, that in no way translated into jurisdiction over a non-resident franchisee); *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F.Supp.2d 694, 700-701 (N.D. Ill. 2008) (finding that the licensing of franchises does not qualify as systematic and continuous contacts, nor is it a sufficient enough connection to satisfy traditional notions of fair play and substantial justice).

While Defendant has a franchise agreement with an Illinois corporation (co-Defendant McDonald's), which could be sufficient to subject it to specific jurisdiction in Illinois for claims <u>arising from that agreement</u>, jurisdiction is not appropriate in this case "merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." *RAR, Inc.*, 107 F.3d at 1277. Here, plaintiff's causes of action do not directly arise out of Defendant's franchise agreement with co-Defendant McDonald's and such franchise agreement does not bear on Plaintiff's substantive claims. Defendant's franchise agreement with co-Defendant McDonald's is neither the subject matter of the case nor related to the operative facts of the Plaintiff's causes of action. Plaintiff's Complaint admits that the franchise agreement does not even reference physical specifications for restaurants. Complaint, D.E. 68, ¶ 131. Plaintiff's other allegations

---

[1] Contracting with a party based in Illinois is also not enough to establish the required minimum contacts. *See RAR, Inc. v. Turner Diesel*, 107 F.3d, 1272, 1277 (7th Cir. 1997).

4

attempting to establish jurisdiction are also insufficient. *See Battistoni v. Conestoga Mgmt.*, 1995 U.S. Dist. LEXIS 11338 (N.D. Ill. August 2, 1995) (where plaintiffs asserted that the franchisee benefited from the franchiser's advertising and national recognition, the court found that because there were no allegations that the franchisee was a citizen of Illinois, had employees residing in Illinois, conducted any business in Illinois, was licensed to do business in Illinois, or owned any assets or property in Illinois, the plaintiffs failed to establish that the court had personal jurisdiction over the franchisee); *Asbury*, 1985 U.S. Dist. LEXIS 13008 (finding that the documents relied upon by plaintiffs to establish personal jurisdiction over the franchisee were insufficient because they were produced and distributed by the franchisor, not the franchisee). Accordingly, this Court does not have personal jurisdiction over Defendant.

### c. Plaintiffs' Claims Must Be Dismissed Pursuant to Rule 12(b)(3) Due to Improper Venue

Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(2). The plaintiff has the burden to demonstrate that venue is proper. *RAR, Inc.*, 107 F.3d at 1276. Contrary to the allegations in the Complaint, the events or omissions giving rise to the claim did not occur in this judicial district. Complaint, D.E. 68, ¶ 31; *see also Thoesen Equip. v. Gilcrest Propaver*, 1997 U.S. Dist. LEXIS 13047 (N.D. Ill. August 25, 1997) (pointing out that the events or omissions giving rise to the claim were not the franchisee's proper performance of its obligations under the franchise agreement, but rather the claimed wrongful activities that occurred at or from its home base). Here, the alleged wrongful activities giving rise to Plaintiff Faber's claims – i.e. her allegedly being denied a place to pump – occurred in Kansas. Complaint, D.E. 68 ¶ 7. As a result, venue is not proper in this judicial district simply by virtue of co-Defendant McDonald's headquarters being located here. *Id*. at ¶ 31. It is also undisputed that Plaintiff Faber is a resident and citizen of Kansas

5

and Defendant is a Michigan corporation and therefore a citizen of the state of Michigan. *Id*. at ¶¶ 18, 22. Venue is proper in a federal question case in the judicial district where the defendant resides. 28 U.S.C.S. § 1391(b). A corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C.S. § 1391(c). As was already laid out above, this Court does not have personal jurisdiction over Defendant. Accordingly, this district is also the improper venue.

## Conclusion

For all of the reasons set forth above, Defendant MBM MANAGEMENT, INC., respectfully requests that the Court grant its motion to dismiss and dismiss Defendant from this lawsuit with prejudice and enter an Order granting such other relief as the Court deems just.

| | |
|---|---|
| Dated: August 15, 2024 | Respectfully submitted, |
| Kevin M. O'Hagan (ARDC #6211446)<br>Sheri A. Mercier (ARDC #6310296)<br>O'HAGAN MEYER LLC<br>One East Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>Tel: (312) 422-6100<br>Fax: (312) 422-6110<br>kohagan@ohaganmeyer.com<br>smercier@ohaganmeyer.com | MBM MANAGEMENT, INCORPORATED<br><br>By:     */s/ Sheri A. Mercier*<br>One of its Attorneys |

## **CERTIFICATE OF SERVICE**

This is to certify that on this 15th day of August, 2024, I electronically filed a copy of the foregoing, with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      */s/ Sheri A. Mercier*
Sheri A. Mercier (ARDC No. 6310296)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
smercier@ohaganmeyer.com
*One of the Attorneys for*
*Defendant MBM Management, Incorporated*